CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
SEP 27 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| TAMMY S. KING, | CASE NO. 4:13CV00005 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | |
| Defendant. | By: B. Waugh Crigler U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's April 27, 2010 protectively-filed applications for a period of disability and disability insurance benefits and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423, and § 1381, et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter DENYING the plaintiff's motion for summary judgment, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

In a decision dated September 23, 2011, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since April 16, 2010, her

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. (Dkt. No. 7.) Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin hereby is substituted for Michael J. Astrue as the defendant in this action.

alleged disability onset date.[2] (R. 13.) The Law Judge determined plaintiff's minimal cervical spondylosis with mild C6 radiculopathy, mild lumbar degenerative disc disease with mild scoliosis, and sleep disordered breathing were severe impairments.[3] (R. 13-14.) He determined that plaintiff's chronic obstructive pulmonary disease, generalized anxiety, and depression were not severe impairments. (R. 13-14.) He also concluded that, through the date of the hearing, plaintiff did not suffer an impairment or combination of impairments which met or equaled a listed impairment. (R. 14-15.) Further, the Law Judge found that plaintiff possessed the residual functional capacity ("RFC") to perform a range light work, with the additional limitations that she could never climb ladders, ropes, or scaffolds; could only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; could do unlimited balancing; and would have to avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation. (R. 15-30.)

In support of his decision, the Law Judge relied on portions of the testimony of Gerald K. Wells, Ph.D., an impartial vocational expert ("VE"), which were in response to questions premised on the Law Judge's RFC finding. (R. 30-31, 58-62.) Based on this testimony and his determination of plaintiff's RFC, the Law Judge found that plaintiff was capable of performing her past relevant work as a packer, convenience store cashier, and sewer. (R. 30-31.) In the

---

[2] Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A) (2004). Substantial gainful activity is "work activity that involves doing significant physical or mental activities," and it is typically determined by the amount of a claimant's earnings. *See* 20 C.F.R. §§ 404.1572 and 1574. The sequential evaluation is a five step process used by the Commissioner to evaluate whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4). If a claimant is found not disabled at any level prior to the final level, the inquiry is to stop. *Id.* In order to qualify for a period of disability and disability insurance benefits, plaintiff must establish that she became disabled prior to the expiration of her insured status, which is June 30, 2013. *See* 20 C.F.R. § 404.131(a); (R. 13, 182, 209.)

[3] A severe impairment is any impairment or combination of impairments which significantly limits a claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c).

alternative, he found that there were other jobs in significant numbers in the local and national economy which plaintiff could perform, including as a laundry folder, companion, and deli clerk. (R. 30-31.) Accordingly, the Law Judge concluded that plaintiff was not disabled. (R. 32.)

Plaintiff appealed the Law Judge's September 23, 2011 decision to the Appeals Council and submitted additional evidence on administrative appeal. (R. 1-7, 558-576.) The Council found no basis to review the Law Judge's decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1-3.) This action ensued and briefs were filed.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is defined as evidence, "which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than preponderance." *Id.* at 642. When the Appeals Council considers additional evidence offered for the first time on administrative appeal and denies review, courts must consider the record as a whole, including the new evidence, in determining whether the Commissioner's final decision is supported by substantial evidence. *Meyers v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011); *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991).

Plaintiff challenges the final decision of the Commissioner on several grounds. First, she argues that the Law Judge's finding that her anxiety was not a severe impairment is not supported by substantial evidence. (Dkt. No. 14, at 6-9.) Second, she contends that the Law Judge failed to properly consider her allegations of pain and the side effects of her medication when determining her RFC. *Id.* at 9-12.

In finding that plaintiff's anxiety was not a severe impairment, the Law Judge concluded that plaintiff's mental condition did not produce limitations in daily activities, social functioning, concentration, persistence, and pace or episodes of decompensation. (R. 14.) He relied on the opinions of State agency consulting psychologists who observed that there had been no diagnosis of anxiety from an acceptable medical source, and that there was no evidence of significant functional limitations related to her anxiety. (R. 14.)

It is clear to the undersigned that there is more evidence in the record demonstrating the presence of medically determinable anxiety, and even other mental impairments, than that which the Law Judge initially stated. Throughout the record, there are scattered references of plaintiff suffering symptoms of anxiety and depression, but there are no actual medical diagnoses of those impairments until 2011. For example, in August and October 2009, prior to her disability onset date, an examination revealed depressed affect (R. 305), depressed mood, at times (R. 294), and anxiousness concerning family matters and her responsibilities at home (R. 293). In June 2010, plaintiff reported that she felt stressed, anxious, depressed, and hopeless and experienced difficulties with concentration and memory. (R. 335.) All these references simply recite the presence of symptoms without any clinical diagnosis. (R. 294, 305, 336.)

In August 2010, Kim Grossman, a registered nurse, noted that plaintiff had a history of chronic anxiety, but her examination did not reveal any new symptoms. (R. 367-368.) Kimberly

C. Bird, M.D. who was apparently the physician overseeing plaintiff's care, signed off on the note on August 25, 2010. *Id.* In September, Dr. Bird noted that plaintiff suffered frequent headaches and appeared "to have some component of depression." (R. 463.) She diagnosed plaintiff with "Questionable depression." (R. 464.) Dr. Bird and Grossman advised plaintiff to discontinue Xanax, inferring that it contributed to her complaints of drowsiness and a sleep disorder. (R. 368, 463.) In January 2011, Dr. Bird noted that plaintiff was in no distress, alert and oriented, and of normal mood and affect, yet found that plaintiff suffered "severe anxiety and is very claustrophobic" and was also depressed.[4] (R. 455.) Dr. Bird diagnosed plaintiff with "significant" anxiety, which she thought was playing a role in her shortness of breath, and she prescribed Lexapro. (R. 455-456.)

In March, plaintiff indicated that she was feeling better with improved mood, and her mood and affect were found to be normal. (R. 451-452.) Dr. Bird again diagnosed plaintiff with anxiety, but she noted that plaintiff was "significantly improved" on medication. (R. 452.) Finally, in June 2011, Dr. Bird reported that plaintiff had been switched to Celexa due to her insurance. (R. 488.) She noted that plaintiff had been doing "relatively well" since going on SSRIs, was of normal mood and affect, and in no distress. (R. 488.) However, Dr. Bird still diagnosed plaintiff with "significant anxiety, improved on Celexa." (R. 488-489.)

It is clear that the Law Judge was not correct in his conclusion that the only record supporting a claim of severe anxiety was the report signed by a physician's assistant, who would not be an acceptable medical source. (R. 14.); 20 C.F.R. § 404.1513. The Law Judge apparently reached that conclusion based on a report from a State agency record examiner submitted prior to the reports provided by Dr. Bird. (R. 213.) It is not possible to reconcile this conclusion with

---

[4] Interestingly, she noted that plaintiff was still on Xanax, despite having previously encouraged plaintiff to discontinue using it. (R. 368, 455, 463.) Either plaintiff started taking the drug again over the previous months, or someone was mistaken.

5

the record as a whole since Dr. Bird's diagnosis certainly provided acceptable medical evidence of anxiety and depression which are relevant to any decision here. *See* 20 C.F.R. § 404.1513.

However, the Law Judge cited and clearly considered Dr. Bird's findings in his decision, and so this flawed conclusion does not seriously damage the Law Judge's findings. (R. 22-30.) Furthermore, both the Law Judge and State agency reviewer further noted that the record failed to demonstrate that plaintiff displayed significant symptoms of anxiety prior to 2011, as there generally were normal mental status findings throughout. (R. 14, 212-213.) Moreover, the June and July 2010 function reports submitted by plaintiff and her friend, Debra A. Astbury, did not report any symptoms related to anxiety, or any other mental or psychological symptoms or limitations for that matter. (R. 163-181.)

As the Law Judge noted, Dr. Bird's evidence indicates that plaintiff's anxiety symptoms generally were: 1) well controlled by medication and asymptomatic for years on Xanax, even before seemingly being taken off it; 2) "significantly improved" on Lexapro before being taken off it; and 3) still "improved" after being switched to Celexa. Even Ada R. Allen, GNP, whose evidence generally was more favorable to plaintiff, specifically noted that plaintiff did not suffer significant psychological limitations. (R. 571.) Had plaintiff's anxiety recently begun to worsen, the burden was upon her to demonstrate that it likely caused her significant limitations for twelve months or longer in order to qualify as a severe impairment. *See* 20 C.F.R. § 404.1520(c); *See Bowen v. Yuckert*, 482 U.S. 137, 146 fn5 (1987). There is no such evidence in this record. Accordingly, substantial evidence supports the Law Judge's finding that plaintiff's anxiety is not a severe impairment.

Plaintiff further argues that the Law Judge failed to properly consider her allegations of pain in reaching his determination of her RFC. (Dkt. No. 14, at 9.) She relies on SSR 96-7p[5] and contends that the Law Judge did not take into account the side effects of plaintiff's medications, and that he disregarded her testimony and the evidence of Ms. Astbury solely because he did not believe they were substantiated by objective medical evidence. *Id.* at 9-12. She further contends that the Law Judge failed to specify the weight he was giving this testimony and explain why he failed to give it more weight.[6] *Id.* at 12.

A plaintiff must prove the existence of a medically determinable impairment that reasonably could produce pain by objective evidence, but objective evidence is not required to prove intensity, persistence, and limiting effects of these symptoms. See *Craig v. Chater*, 76 F.3d 585, 591-593 (4th Cir. 1996). The presence or absence of objective evidence plays a role in determining credibility, but it is not the only factor to consider, as a claimant's allegations concerning pain may not be discredited solely because they are not supported by objective medical evidence. *Id.*; SSR 96-7p, 1996 WL 374186 (July 2, 1996). The determination must include specific bases for a credibility finding making clear to the claimant and anyone reviewing the decision what weight the Law Judge gave to the claimant's statements and the reasons for assigning that weight. See SSR 96-7p, 1996 WL 374186, at *2, 4-5 (July 2, 1996).

Here, the Law Judge considered plaintiff's testimony, and the allegations contained in the function reports submitted by the plaintiff and her friend, as well as all the evidence contained in the medical record. (R. 15-30.) Though the Law Judge renders few specific findings, the undersigned is able to determine from his detailed summary of evidence what he considered and relied upon in assessing plaintiff's credibility as to render his determination. For example, while

---

[5] SSR 96-7p, 1996 WL 374186 (July 2, 1996).
[6] Contrary to plaintiff's argument, it is clear from the Law Judge's decision that he considered the side effects of plaintiff's medications. (R. 16-17.)

7

plaintiff claimed that her pain persisted 99% of the time at a 9/10 level, her treating sources described her impairments as mild. X-rays from August 2009 revealed that plaintiff suffered what was described as mild degenerative disc disease with a mild diffuse disc bulge, mild stenosis, minimal cervical spondylosis, and mild scoliosis, with no acute or other significant findings. (R. 264, 266, 268, 270.) Test results and Dr. Bird's records indicated that plaintiff's COPD was mild and stable, with shortness of breath far out of proportion to what her function tests suggested. (R. 375, 452, 456, 460.) Victor Owusu-Yaw, M.D. also indicated that both plaintiff's bilateral carpal tunnel syndrome and her chronic C6 radiculopathy were mild. (R. 403, 409.) With few exceptions, plaintiff's physical and neurological examination findings generally were normal throughout the relevant period. (R. 280-281, 335-336, 338-339, 367-368, 402-403, 406, 408-409, 411-412, 430, 438-440, 456. 460, 464, 470.) Though plaintiff's physical therapist noted that plaintiff expressed significant pain and limitations in her range of motion, she responded well to therapy and demonstrated good improvement. (R. 313-315, 342-347, 348-359, 361-363.) There is also some indication that pain medications provided her at least some relief. (R. 470-471.)

Other evidence in the record also could cast doubt on plaintiff's credibility. While she alleged 10/10 pain, she often appeared in no distress and was working full time. (R. 293, 302, 309.) Plaintiff was scheduled to receive physical therapy three times a week for four weeks, but missed the majority of her appointments and declined to continue therapy despite her therapist's recommendations and good improvement in her functioning. (R. 313-315, 342-347, 348-359, 361-363.) The Law Judge also noted that plaintiff continued to smoke despite clear recommendations from her treatment providers to stop immediately because smoking exacerbated her symptoms. *See* 20 C.F.R. § 404.1530; *Hunter v. Sullivan*, 993 F.2d 31, 36 (4th

Cir. 1992) (failure to follow a prescribed treatment plan can undermine credibility); *Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008). This certainly was relevant to determining the weight to be given her complaints concerning her pulmonary impairments. Accordingly, the Law Judge cited and relied on substantial evidence to support his credibility determination.

Plaintiff also submitted additional evidence while on administrative appeal. This additional evidence was new, and it also related to the relevant period. *See* 20 C.F.R. § 416.1476(b)(1); *Meyers v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). However, neither the addition opinion evidence of Dr. Bird, nor the opinion of A. Schauhn, M.D., likely would have changed the decision had it been before the Law Judge in the first instance. (R. 565-570.) Both reports were merely diagnostic and gave no insight into the vocational effects of the impairments diagnosed. (R. 565-570.) Accordingly, neither is material. *See* 20 C.F.R. § 416.1476(b)(1); *Meyers v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). While Nurse Allen's additional evidence noted the physical limitations that could affect plaintiff's performance of sedentary work, she was not an acceptable medical source, she provided no treatment notes to support the conclusions, and she did not reveal the evidence relied upon to form the basis for her opinions. (R. 571-576.); *See* 20 C.F.R. § 404.1513. Moreover, the limitations she reported are not corroborated or supported by the balance of the substantial evidence in this record. *See* 20 C.F.R. § 416.1476(b)(1); *Meyers v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). Accordingly, the undersigned finds that the final decision of the Commissioner is supported by substantial evidence.

For all these reasons, it is RECOMMENDED that an Order enter DENYING plaintiff's motion for summary judgment, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

Sept 27th 2013
Date