IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| TAMMY S. KING, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:13cv00005 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, | ) | By: Hon. Jackson L. Kiser |
| Acting Commissioner of Social Security, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R & R") of the Hon. B. Waugh Crigler recommending that I grant the Commissioner's Motion for Summary Judgment [ECF No. 15], affirm the Commissioner's final decision, and dismiss this case. Plaintiff filed timely Objections on October 15, 2013 [ECF No. 18], and the Commissioner responded on October 24, 2013 [ECF No. 19]. The Objections are now ripe for consideration. See Fed. R. Civ. P. 72(b). I have reviewed the Magistrate Judge's recommendation, Plaintiff's Objections, the Commissioner's response, and the relevant portions of the Record. For the reasons stated below, I will OVERRULE Plaintiff's Objections, ADOPT Judge Crigler's R & R, DENY Plaintiff's Motion for Summary Judgment, GRANT the Commissioner's Motion for Summary Judgment, and DISMISS this case from the active docket of the Court.

**I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On June 1, 2010, Plaintiff Tammy S. King ("Plaintiff") filed an application for a period of disability and disability insurance benefits pursuant to Titles II and XVIII of the Social Security Act, and supplemental security income pursuant to Title XVI.[1] See 42 U.S.C. §§ 401–

---

[1] Although the ALJ listed Plaintiff's application date as April 27, 2010 (see R. 11), Plaintiff's application was actually completed by phone on June 1, 2010 (see R. 123−131). Plaintiff was contacted on April 27, 2010, about scheduling an appointment to apply for benefits. (See R. 121.)

433, 1381−1383f, 1395−1395ccc. (See R. 123−131.) In her application, Plaintiff alleged that she was disabled as of April 16, 2010. (R. 11, 125.) Plaintiff's claims were initially denied on July 21, 2010, and again upon reconsideration on November 8, 2010. (R. 182−199, 209−230.) On December 20, 2010, Plaintiff requested a hearing before an Administrative Law Judge. (R. 82−83.) On August 24, 2011, Administrative Law Judge Brian Kilbane ("the ALJ") held an administrative hearing via video to determine whether Plaintiff was disabled within the meaning of the Social Security Act. (See R. 40−62.) Plaintiff was represented by counsel, testified on her own behalf, and called a witness to support her claims. (See R. 40−58.) The ALJ also heard testimony from Dr. Gerald Wells, a vocational expert. (See R. 58−62.)

On September 23, 2011, the ALJ submitted his decision, which included findings of fact and conclusions of law. (R. 11−32.) The ALJ applied the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a) and 416.920(a). (R. 12−13.) He initially found that Plaintiff had not engaged in substantial gainful activity since April 16, 2010, her alleged disability onset date, and that Plaintiff suffered from minimal cervical spondylosis with mild C6 radiculopathy, mild lumbar degenerative disc disease with mild scoliosis, and sleep disordered breathing. (R. 13, 18.) The ALJ determined that Plaintiff's impairments were "severe" because they caused "more than minimal limitation of [Plaintiff's] basic work-related capacities . . . ." (R. 18.) Ultimately, however, the ALJ concluded that Plaintiff "did not have an impairment or combination of impairments that meet or medically equaled the severity of one of the listed impairments" in the applicable regulations. (R. 14−15.) Based on the evidence, the ALJ determined that Plaintiff "has a residual functional capacity less than that required to perform the full range of light work as defined in 20 C.F.R. [§§] 404.1567(b) and 416.967(b)." (R. 15.) The

ALJ concluded that there were jobs that existed in the national economy that Plaintiff could perform that she was not disabled under applicable law and regulations. (R. 30−32.)

Plaintiff appealed the ALJ's decision to the Appeals Council on November 23, 2011. (R. 7.) The Appeals Council considered Plaintiff's additional evidence, but found no basis in the record or in the reasons advanced on appeal to review the decision. (R. 1−5.) It denied review on March 5, 2012, and accordingly the ALJ's decision became the Commissioner's final decision. (R. 1–3).

Plaintiff instituted the present civil action in this Court on February 15, 2013. (Compl. [ECF No. 3].) Thereafter, I referred the matter to Magistrate Judge B. Waugh Crigler for consideration of Plaintiff's and the Commissioner's dispositive motions. (Order, July 12, 2013, [ECF No. 12].) On September 27, 2013, Judge Crigler issued his R & R in which he concluded that I should grant the Commissioner's Motion for Summary Judgment and dismiss this case. (R & R. [ECF No. 17].)

On October 15, 2013, Plaintiff filed timely Objections to the R & R. (Pl.'s Obj. [ECF No. 18].) The Commissioner filed a timely response to Plaintiff's Objections (Def.'s Resp. [ECF No. 19]), and the matter is now ripe for review.

## II.     STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2012); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270

F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545; see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that the role of the ALJ, not the Vocational Examiner, is to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2013). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[2]" Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589).

An additional standard of review, however, applies to my consideration of Judge Crigler's R & R under Federal Rule of Civil Procedure 72(b) and the Federal Magistrate Act, 28 U.S.C. § 636. Rule 72(b) provides that "[t]he district judge . . . shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which *specific* written objection has been made . . . ." FED. R. CIV. P. 72(b) (emphasis added); see also 28 U.S.C.

---

[2] Or the secretary's designate, the ALJ. See Craig, 76 F.3d at 589 (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)).

§ 636(b)(1)(C). "General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object." Elliott v. Comm'r of Soc. Sec., Case No. 6:10-cv-00032, 2011 U.S. Dist. LEXIS 92673, at *6 (W.D. Va. Aug. 19, 2011) (citing Veney, 539 F. Supp. 2d at 845). Accordingly, "[a]ny part of the magistrate judge's disposition that has not been properly objected to is reviewed for, at most, clear error." Veney v. Astrue, 539 F. Supp. 2d 841, 844 (W.D. Va. 2008) (citations omitted). I should uphold those portions of the magistrate judge's report and recommendation to which a plaintiff makes no objection unless it is clearly erroneous or contrary to law. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir. 1982)).

### III. DISCUSSION

Plaintiff raises two objections to Magistrate Judge Crigler's R & R, each of which will be addressed in turn. Plaintiff first argues that the ALJ erred in not considering Plaintiff's anxiety to be a severe impairment. Plaintiff says that he she was first prescribed medication for anxiety in January 2010 (R. 285), and that in August 2010 Kim Grossman, R.N., noted her history of chronic anxiety (R. 368). Her records indicate that she has had ongoing problems with anxiety through June 2011 (R. 456), and she testified at the hearing before the ALJ that she was still having issues with anxiety (see R. 52).

Plaintiff also maintains that the evidence shows that her anxiety was severe and that it caused significant limitations. Plaintiff argues that the fact her medications "were changed so many times over a short period of time contradicts the Magistrate Judge's conclusion that [P]laintiff's anxiety was controlled by medications." (Pl.'s Obj. pg. 2.)

Plaintiff carries the burden of showing that her anxiety caused her significant limitations for twelve months or longer. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). She has not

done so. As the ALJ accurately pointed out, although Plaintiff may have been diagnosed with anxiety as early as 2010, the evidence does not support her contention that it was "severe" in the sense that it caused her "significant limitations." (See R. 27.) Expert evaluation of Plaintiff's records revealed that there was "no evidence of significant functional limitations associated with anxiety." (Id.) Rather than disagree with their ultimate conclusions, Plaintiff instead argues for a different, more expansive definition of "significant." The regulations set forth a very clear and comprehensive manner in which to determine whether a mental impairment is "severe," see 20 C.F.R. §§ 404.1520a(d), 416.920a(d), and I must decline the opportunity to supplant the regulations with an alternative methodology.

Further, I cannot agree with Plaintiff's argument that the fact her medication was changed multiple times establishes that her anxiety was not controlled. As the medical records demonstrate, her medications were not changed because they were not working, but rather they were changed for insurance purposes. (See R. 488.) The other "changes" Plaintiff cites were not, in fact, "changes;" her doctors simply used different names to refer to the same drug. When her doctors "switched" her from Celexa to Citalopram, no functional change in her medication occurred. See Swain v. Booth-Moulden, Civil Action No. DKC-11-3516, 2012 WL 4480552, at *2 n.3 (D. Md. Sept. 25, 2012) (noting that "Celexa" and "Citalopram" are the same drug); Ward v. Deboo, Civil Action No. 1:11cv68, 2012 WL 2359440, at *8 n.9 (N.D.W. Va. Jan. 18, 2012) (noting that Celexa is the brand name for Citalopram). Therefore, the evidence shows that Plaintiff changed her medication once for insurance purposes and otherwise maintained Celexa/Citalopram for the remainder of her treatment.

It is true that there is evidence in the Record that Plaintiff's anxiety was, in her doctor's words, "significant." (See, e.g., R. 456.) But one treating physician's opinion that Plaintiff's

anxiety is significant does not compel the conclusion that it is not controlled by medication or that it meets the requirements of severity required by the Regulations. Moreover, when compared with the opinions of reviewing physicians who concluded that "there was no diagnosis of an anxiety disorder and no evidence of significant functional limitations associated with anxiety" (R. 27), Plaintiff is essentially asking that I reweigh conflicting evidence. The ALJ concluded that Plaintiff's anxiety and "questionable depression, considered singly and in combination, do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and are therefore nonsevere." (R. 14.) Because there is substantial evidence to support the ALJ's conclusion, I must decline Plaintiff's request. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Plaintiff's Objection is therefore overruled.

Plaintiff next contends that the ALJ did not properly consider her allegations of pain when making his determination regarding Plaintiff's residual functional capacity. (Pl.'s Objs. pg. 3.) Plaintiff is correct that SSR 96-7p states that an adjudicator's decision should "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *4 (July 2, 1996). I cannot agree with Plaintiff, however, that the ALJ did not include his reasons for negatively assessing Plaintiff's credibility in his decision. For example, the ALJ noted that Plaintiff claimed to be at a 9 out of 10 on the pain scale "99% of the time," yet her treating physicians routinely noted only "mild" impairments and examinations that repeatedly yielded "normal findings." (See R. 16−20; 20−21 (discussing Plaintiff's self-reported daily activities).)

In reviewing the ALJ's decision as a whole, Plaintiff would be correct in claiming that the decision is not a model of clarity. The ALJ's summary repetition of the Record is a very ineffective manner of setting forth his findings and conclusions regarding Plaintiff's medical history. Although the ALJ has not written his decision in such a way as to clearly and succinctly highlight Plaintiff's statements and his reasons for rejecting them, I cannot say that one cannot determine "the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at * 4. I agree with Magistrate Judge Crigler that one can determine, when reviewing the ALJ's decision in its entirety, the reasons for his conclusion regarding Plaintiff's credibility. (See, e.g., R. 30 (discussing the ALJ's opinion regarding the testimony of Plaintiff and her witness that conflicted with the medical evidence).) Accordingly, I must overrule Plaintiff's Objection.

## IV. CONCLUSION

For the reasons stated above, I will overrule Plaintiff's Objections to Magistrate Judge Crigler's Report and Recommendation. There is substantial evidence to support the ALJ's determination that Plaintiff's anxiety is not a severe impairment, and even though the ALJ's decision lacks the clarity desired in its analysis of Plaintiff's credibility, it does comply with the minimums set forth in SSR 96-7p. Because there is substantial evidence to support the ALJ's decision, Plaintiff's Objections are OVERRULED, Magistrate Judge Crigler's R & R is ADOPTED, Plaintiff's Motion for Summary Judgment is DENIED, the Commissioner's Motion for Summary Judgment is GRANTED, and this case is DISMISSED from the active docket of the Court.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Crigler.

Entered this 26th day of November, 2013.

                                                s/Jackson L. Kiser
                                                SENIOR UNITED STATES DISTRICT JUDGE